*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@appellate.courts.state.ak.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| FRANK GRISWOLD, | ) | |
| | ) | Supreme Court No. S-14809 |
| Appellant, | ) | |
| | ) | Superior Court No. 3AN-10-12485 CI |
| v. | ) | |
| | ) | |
| HOMER CITY COUNCIL, | ) | O P I N I O N |
| | ) | |
| Appellee. | ) | No. 6822 – September 13, 2013 |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Michael L. Wolverton, Judge.

Appearances: Frank Griswold, pro se, Homer, Appellant. Thomas F. Klinkner, Birch Horton Bittner & Cherot, Anchorage, for Appellee.

Before: Fabe, Chief Justice, Winfree, Stowers, Maassen, and Bolger, Justices.

BOLGER, Justice.

## I. INTRODUCTION

Frank Griswold made a public records request for emails related to a public bond proposition. The City of Homer eventually produced all of the emails requested, except for privileged emails and deleted emails that could not be recovered without expensive software. We conclude that there was sufficient record support for the superior court's decision that the city manager used "good faith and reasonable effort"

-1-

to comply with the request. And although Griswold complained that the Homer City Council failed to hold a hearing on this issue, the superior court allowed the parties to supplement the record, and thus, all parties had a meaningful opportunity to be heard.

## II. FACTS AND PROCEEDINGS

In February 2008, the Homer City Council approved a bond proposition and issued an election brochure entitled "Questions & Answers about Homer Town Square and the New City Hall." Homer resident Frank Griswold filed a complaint with the Alaska Public Offices Commission, alleging that the brochure constituted the use of municipal funds to influence the outcome of a ballot measure without an appropriation ordinance in violation of AS 15.13.145.[1] The commission agreed with Griswold and fined the City $400.

Griswold filed a public records request with City Manager Walt Wrede, requesting any documents relating to the brochure. Griswold believed the City's initial response to his request was inadequate and he filed a second public records request in April 2008. The second request sought emails sent to and from certain officials and contractors from January 1 through April 16, 2008. Wrede denied the request under City of Homer Regulation 2.07, which allowed the city manager to determine that a request was made for the purpose of harassment. Griswold appealed, and the superior court concluded that Wrede denied Griswold's request without providing adequate notice or opportunity to be heard.

---

[1] AS 15.13.145(b) states:

Money held by an entity identified in (a)(1)-(3) of this section may be used to influence the outcome of an election concerning a ballot proposition or question, but only if the funds have been specifically appropriated for that purpose by a state law or a municipal ordinance.

Neither party took any action for months after the superior court reversed the manager's decision. In November 2009 Griswold moved to hold the City in contempt, and the superior court denied the motion, explaining that Griswold must either file a new request or renew his old request. In March 2010 Griswold notified Wrede that he wanted to renew his April 2008 records request. When Wrede responded, he noted that some emails were missing because, during the relevant time period, the City did not back up all incoming and outgoing emails. In a subsequent letter, Wrede informed Griswold that the City had retrieved all available emails that were responsive to Griswold's request.

In August 2010 Griswold appealed to the City Council, claiming that the manager had not fully complied with his request, that the email search was inadequate, and that the City had unlawfully failed to preserve public records. The Council performed an in camera review of emails that Wrede withheld as privileged and concluded that seven of those emails should have been produced. The Council also found that Wrede had otherwise made a "good faith and reasonable effort" to locate all of the requested emails.

Griswold appealed to the superior court. Griswold argued that he should have been allowed to present additional evidence before the Council, so the superior court allowed the parties to supplement the record and stated that it would hold an evidentiary hearing if necessary. The City Council deposed the City's Computer System Manager, Steven Bambakidis, and submitted the transcript to the court, but Griswold did not submit any supplemental material.

The superior court agreed with the City Council that the City had complied with Homer City Code section 1.80.060(a), which required the city manager to "make a good faith and reasonable effort to locate records" that are identified in a public records request. The court explained that "Wrede purchased and used state of the art record

retrieval software to more fully comply with Griswold's request. Wrede and other City officials expended City time (nearly six months) and taxpayer money working on complying with the records request." The superior court affirmed the City Council's decision, and awarded attorney's fees to the City Council. Griswold now appeals.

## III. STANDARD OF REVIEW

"When the superior court is acting as an intermediate court of appeal in an administrative matter, we independently review the merits of the agency or administrative board's decision."[2] We use four standards of review when reviewing administrative decisions: "the 'substantial evidence test' governs questions of fact; the 'reasonable basis test' applies to questions of law involving agency expertise; the 'substitution of judgment test' governs questions of law when no expertise is involved; and the 'reasonable and not arbitrary test' applies to review of administrative regulations."[3] In particular, the application of legal privilege is a question of law that we review de novo.[4]

"[W]hen a [superior] court is the fact finder for an otherwise administrative proceeding, the traditional 'clearly erroneous' standard of review applies" to the court's

---

**2** *Shea v. State, Dep't of Admin., Div. of Ret. & Benefits*, 267 P.3d 624, 630 (Alaska 2011) (citing *Hester v. State, Pub. Emps.' Ret. Bd.*, 817 P.2d 472, 474 (Alaska 1991)).

**3** *Rubey v. Alaska Comm'n on Postsecondary Educ.*, 217 P.3d 413, 415 (Alaska 2009) (citing *Jager v. State*, 537 P.2d 1100, 1107 n.23 (Alaska 1975)).

**4** *See Gwich'in Steering Comm. v. State, Office of the Governor*, 10 P.3d 572, 577-78 & n.8 (Alaska 2000) ("[The independent judgment] standard is applied appropriately to an administrative decision when it concerns the 'analysis of legal relationships about which courts have specialized knowledge and experience.' " (quoting *Kelly v. Zamarello*, 486 P.2d 906, 916 (Alaska 1971))).

fact findings.[5]  We independently review a request for disqualification of a judge based on the appearance of impropriety.[6]  And we generally review an award of attorney's fees for abuse of discretion.[7]

## IV.    DISCUSSION

### A.    The Record Supports The Superior Court's Decision On Griswold's Public Records Request.

As noted above, Homer City Code 1.80.060(a) required the city manager to "make a good faith and reasonable effort to locate records" identified in a public records request.  On appeal, the superior court concluded that the city manager made a good faith effort to comply with Griswold's request.

Griswold argues that the superior court's conclusion was not supported by substantial evidence.  But it appears that there was substantial evidence supporting the court's decision, based on the materials originally submitted to the City Council and the deposition transcript that was filed during the court proceedings.

In his statement to the City Council, the Manager stated:

> The City has produced all emails in its data base [sic] for the eight people listed during the period identified.  The City expended $500 on recovery software so that it could be responsive to this request.  The IT staff spent approximately

---

[5]    *City of Nome v. Catholic Bishop of N. Alaska*, 707 P.2d 870, 876 (Alaska 1985).

[6]    *Greenway v. Heathcott*, 294 P.3d 1056, 1062-63 (Alaska 2013); *Phillips v. State*, 271 P.3d 457, 459 (Alaska App. 2012) ("On the separate issue of whether, given the circumstances, reasonable people would question the judge's ability to be fair, the proper standard of review is de novo — because 'reasonable appearance of bias' is assessed under an objective standard.").

[7]    *Bobich v. Hughes*, 965 P.2d 1196, 1200 (Alaska 1998) (citing *Mt. Juneau Enters., Inc. v. Juneau Empire*, 891 P.2d 829, 834 (Alaska 1995)).

20 hours locating old tapes and disks, recovering old back up files, and moving them to newer disks from which they can be accessed. The staff has spent another 30 hours reviewing, numbering, and copying the recovered documents so Mr. Griswold could review them. All of this was done at no cost to Mr. Griswold. In the end, over 600 emails were produced.

In his deposition, the City's Computer System Manager, Steven Bambakidis, explained that he spent 40-50 hours searching for the email records that were responsive to Griswold's request. He stated that he searched the backup system and computer hard drives, and he explained that he used state-of-the-art retrieval software. Bambakidis also testified that the search did not obtain all responsive records, but the procedures necessary to obtain the remaining records would have required five to ten thousand dollars of additional forensic software and several additional weeks of work.

The superior court allowed a partial trial de novo and made factual findings on the issue of whether the city manager "made a good faith and reasonable effort to locate records"; therefore we review the court's factual findings for clear error.[8] When we consider the record before the City Council and the foregoing deposition testimony, we conclude that the court's decision was not clearly erroneous.

**B.      Griswold Has Not Adequately Explained His Claim For Destruction Of Public Records**.

Griswold argues that the City unlawfully destroyed public records. He bases this claim on the Alaska Public Records Act.[9] In particular, the Public Records Act ensures that "[e]very person has a right to inspect a public record in the state" except for

---

[8]      *See Catholic Bishop*, 707 P.2d at 876 (reviewing superior court's factual findings for clear error).

[9]      AS 40.25.100-.350.

certain listed exceptions not applicable here,[10] and "[e]very public officer having the custody of records not included in the exception shall permit the inspection" and provide a copy of the record on request.[11] But Griswold never explains how these provisions forbid the routine deletion of email correspondence from public offices. In response, the City Council argues that this appeal should be decided under the Homer public records ordinances, and that the deletion of emails is beyond the scope of this case.

It appears that Griswold could have alleged a claim for the destruction of these emails under the Alaska Records Management Act, which requires state agencies to preserve public records and create reasonable retention schedules.[12] This statute requires municipalities to follow the program established for the management of state records "as far as practical."[13] But we have construed this statute to permit the destruction of "non-record" email, which is primarily generated for informal communications.[14]

Griswold did not argue any violation of the Records Management Act in the superior court, so the parties did not litigate the application of this statute, and the court did not address this statute in its decision. There is, therefore, no factual basis for us to determine whether there has been a violation of the Records Management Act. We conclude that Griswold's records retention claim is beyond the scope of this administrative appeal.

---

[10] AS 40.25.120(a).

[11] AS 40.25.120(b).

[12] *See* AS 40.21.010-150.

[13] AS 40.21.070.

[14] *See McLeod v. Parnell*, 286 P.3d 509, 511 & n.3 (Alaska 2012) (explaining that public records include records "appropriate for preservation" under the Record Management Act).

**C.** **The Superior Court Did Not Violate Griswold's Right To A Hearing.**

Griswold also argues that he did not have an opportunity to present witnesses or present any evidence on his claim. It is true that the City Council decided Griswold's appeal without taking any additional evidence regarding his records request. But later, at the conclusion of the oral argument in the superior court, Griswold asked for the opportunity to submit additional evidence. The court asked the parties to submit interrogatories, depositions, and any other evidence so that the court could determine whether an evidentiary hearing was necessary. In response, the City Council deposed the City's Computer System Manager, and Griswold cross examined this witness at the deposition. The City Council filed a transcript of the deposition, but Griswold did not submit any additional evidence.

Later at a status hearing, Griswold indicated that he thought the court would hold an evidentiary hearing. But Griswold did not object when the superior court indicated that it would decide whether a hearing was necessary based on the documents that had already been filed. The superior court then made a decision based on the records submitted to the City Council and the deposition testimony.

Absent plain error, a party may waive due process objections by "consenting to certain procedures or by failing to object to others."[15] In this case, the superior court gave Griswold considerable opportunities to submit any additional evidence to show that there was a material factual dispute that would require a hearing. We conclude that Griswold had an adequate opportunity to submit additional evidence, but he chose not to do so. Any argument that he was denied due process is therefore waived.

---

[15] *Matter of C.L.T.*, 597 P.2d 518, 522 (Alaska 1979) (holding that absent plain error, party may waive rights arguably encompassed within due process by consenting or failing to object to certain procedures).

**D.    Other Issues**

Griswold also argues that the City improperly withheld some emails on the basis of the attorney-client privilege. The Homer City Code provides that certain attorney-client communications "made confidentially in the rendition of legal services to the city or to a city agency, officer, or employee" are confidential and exempt from disclosure.[16] Likewise, the rules of evidence provide a general lawyer-client privilege that protects confidential communications between a client and its lawyer.[17]

The City Council reviewed all of the emails that were withheld by the city manager and decided to disclose seven additional emails. We have reviewed all of the emails that were ultimately withheld, and they all appear to fall within the scope of these privileges.

Griswold also argues that the superior court judge should have recused himself because the judge indicated that he had a busy schedule and could have requested reassignment of the case to avoid delay. Griswold is apparently arguing that the judge's decision to issue a decision in the face of this schedule created an appearance of impropriety.[18] But an assigned judge has "an obligation not to disqualify himself [or herself], when there is no occasion to do so."[19] And the judge in this case ultimately issued a timely decision that we can review on the merits. Griswold has made no showing that the judge's decision indicated an appearance of partiality.

---

[16]    Homer City Code 1.80.040(a) (2012).

[17]    *See* Alaska R. Evid. 503(b).

[18]    *Cf. Vent v. State*, 288 P.3d 752, 756-57 (Alaska App. 2012) (reversing a trial court decision because of an appearance of impropriety).

[19]    *Amidon v. State*, 604 P.2d 575, 577 (Alaska 1979) (citing *In re Union Leader Corp.*, 292 F.2d 381, 391 (1st Cir. 1961); *Wolfson v. Palmieri*, 396 F.2d 121 (2d Cir. 1968)).

Griswold also argues that the award of attorney's fees to the City Council was an abuse of discretion. The superior court ordered Griswold to pay the City Council $11,891, representing about 55% of the fees actually incurred.

Under Alaska Appellate Rule 508(e), "Attorney's fees may be allowed in an amount to be determined by the court." There is no question that the City Council was the prevailing party for purposes of this rule. But Griswold argues that the City Council should be limited to the 20% award that would apply under Alaska Civil Rule 82(b). We have allowed the superior court to use Rule 82(b)(2) as a guideline in an administrative appeal, but we have also stated that this rule does not limit the amount of fees that may be awarded.[20] And despite Griswold's argument to the contrary, his superior court appeal did not involve any significant constitutional claims, which could require the application of AS 09.60.010(c)(2). We conclude that the superior court did not commit an abuse of discretion when it fixed the amount of attorney fees to be awarded.

Any remaining claims that Griswold raises are waived for inadequate briefing.[21]

## V.    CONCLUSION

For the foregoing reasons, we AFFIRM the superior court's decision in all respects.

---

[20]    *Stalnaker v. Williams*, 960 P.2d 590, 597-98 (Alaska 1998) (holding the superior court did not abuse its discretion in awarding 86% of actual fees incurred).

[21]    *See A.H. v. W.P.*, 896 P.2d 240, 243 (Alaska 1995) (holding claims waived due to inadequate briefing).