*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@appellate.courts.state.ak.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| SCHLUMBERGER TECHNOLOGY CORPORATION & SUBSIDIARIES, | ) ) ) | Supreme Court No. S-14729 |
| | ) | Superior Court No. 3AN-10-07367 CI |
| Appellants, | ) ) | O P I N I O N |
| v. | ) ) | No. 6924 – July 18, 2014 |
| STATE OF ALASKA, DEPARTMENT OF REVENUE, | ) ) ) | |
| Appellee. | ) ) | |
| _____ | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Daniel Schally, Judge Pro Tem.

Appearances: George R. Lyle, Guess & Rudd P.C., Anchorage, Charles J. Moll III, San Francisco, California, and Alan V. Lindquist, Chicago, Illinois, Winston & Strawn LLP, for Appellants. R. Scott Taylor, Assistant Attorney General, Anchorage, Steve D. DeVries, Assistant Attorney General, Anchorage, and Michael C. Geraghty, Attorney General, Juneau, for Appellee.

Before: Fabe, Chief Justice, Winfree, Stowers, Maassen, and Bolger, Justices.

BOLGER, Justice.

## I.  INTRODUCTION

The Alaska Net Income Tax Act (ANITA) incorporates certain provisions of the Internal Revenue Code, unless the federal provisions are "excepted to or modified by other provisions" of the act.[1]  ANITA requires a corporation to report its income and the income of certain affiliates and to exclude "80 percent of dividend income received from foreign corporations."[2]  But the Internal Revenue Code has a different formula; it requires a foreign corporation to report only income "effectively connected with the conduct of a trade or business within the United States."[3]  We conclude that this Internal Revenue Code provision has not been adopted by reference because it is inconsistent with the formula provided by ANITA.

## II.  FACTS AND PROCEEDINGS

Schlumberger Limited is a multinational company incorporated in the Netherlands Antilles with offices in Paris, New York City, and Texas.  Schlumberger Limited's only service is the management of its subsidiaries; it receives management fees for this service.  Schlumberger Limited also receives dividend income, including dividends from its foreign subsidiaries.

Schlumberger Limited conducts its business in Alaska through a wholly owned subsidiary, Schlumberger Technology Corporation.  Schlumberger Technology's primary business is oilfield services, but it also owns all of Schlumberger Limited's associated companies incorporated in the United States and operates all of Schlumberger Limited's domestic businesses.  Schlumberger Technology files a consolidated federal tax return for all of Schlumberger Limited's domestic subsidiaries.  For tax years 1998-

---

[1]     AS 43.20.021(a).

[2]     AS 43.20.145(a) & (b)(1).

[3]     26 U.S.C. § 882(a) & (b) (2012).

2000, Schlumberger Technology filed Alaska corporate income tax returns that included only the domestic subsidiaries working in the oilfield services business.

In September 2003, a Department of Revenue auditor concluded that Schlumberger Limited was engaged in a unitary business with Schlumberger Technology.[4] The auditor also concluded that Schlumberger Limited was a "water's edge" affiliate of Schlumberger Technology.[5] Based on these conclusions, the

---

[4] "Unitary business" is defined by 15 Alaska Administrative Code (AAC) 20.310 (1982) in relevant part as follows:

(a) A business is unitary if the entity or entities involved are owned, centrally managed, or controlled, directly or indirectly, under one common direction which can be formal or informal, direct or indirect, or if the operation of the portion of the business done within the state is dependent upon or contributes to the operation of the business outside the state.

(b) The unitary nature of a business is a case-by-case factual determination and applicable statutes, regulations, and administrative and judicial precedent will be used as guidelines for making the determination.

[5] AS 43.20.145 states:

(a) A corporation that is a member of an affiliated group shall file a return using the water's edge combined reporting method. A return under this section must include the following corporations if the corporations are part of a unitary business with the filing corporation:

. . . .

(4) a corporation, regardless of the place where the corporation was incorporated, if the corporation's property, payroll, and sales factors in the United States average 20 percent

(continued...)

Department issued a notice of assessment for additional corporate income taxes of $429,739 plus interest.

Schlumberger Technology submitted a request for an informal conference regarding several of the audit adjustments, including the auditor's treatment of Schlumberger Limited as a single unitary business with Schlumberger Technology and the inclusion of 20% of Schlumberger Limited's dividends received from foreign corporations in its apportionable income. The informal conference decision made some adjustments to Schlumberger Technology's tax liability but affirmed the auditor's conclusion that Schlumberger Technology and Schlumberger Limited were a unitary business. The decision also concluded that Schlumberger Technology was required to include 20% of Schlumberger Limited's foreign dividend income in its apportionable income.

Schlumberger Technology filed a formal appeal to the Office of Administrative Hearings contesting several issues from the informal conference decision. During these proceedings, Schlumberger Technology filed a motion for partial summary judgment, arguing

> [t]hat Alaska statutes, after adoption of the Water's Edge Act (AS 43.20.[145]), do not permit the Department of Revenue to assess the Taxpayer based on amounts received by a related foreign corporation (Schlumberger Limited) that were earned outside the United States, were not connected with a business conducted in the United States, and were not earned within the U.S. Water's Edge.

For the purpose of this motion, Schlumberger Technology asked the administrative law judge to assume that Schlumberger Technology and Schlumberger Limited were a

---

[5](...continued)
　　　　or more.

unitary business under Alaska law. Schlumberger Technology argued that if the administrative law judge decided in favor of Schlumberger Technology on the water's edge issue, it would not be necessary to reach any other issues in the appeal.

The administrative law judge denied Schlumberger Technology's partial summary judgment motion, explaining that "Alaska's change to water's edge accounting geographically limited the types of *corporations,* other than oil and gas corporations, that were included in the unitary group for the purpose of determining the total apportionable income." (Emphasis in original) The administrative law judge stated that the water's edge statute "did not geographically limit the types of *income* to be included in the total apportionable income from the corporations included within the unitary group." (Emphasis in original) Accordingly the administrative law judge ruled that the foreign dividends in question were related to Schlumberger Limited's regular business operations and that Alaska's apportionment methodology should be applied to determine Schlumberger Technology's taxable income.

Shortly after this order, Schlumberger Technology stipulated to "withdraw[] its appeal of any disputed issues in its appeal of [the Department's] informal conference decision other than those issues ruled on in the order denying Schlumberger Technology's partial summary judgment motion," including "issues related to unity, business income, or otherwise identified in its Notice of Appeal of Informal Conference Decision, dated October 20, 2008." On February 10, 2010, the administrative law judge issued a final administrative order incorporating the denial of Schlumberger Technology's summary judgment motion and affirming the informal conference decision.

Schlumberger Technology appealed the final administrative order to the superior court. The superior court affirmed the administrative law judge's decision that Schlumberger Limited's foreign dividends should be included in Schlumberger

Technology's apportionable income. The superior court determined that Schlumberger Technology had failed to preserve its argument that the taxation of these foreign dividends would violate the Commerce Clause and the Foreign Commerce Clause of the United States Constitution because Schlumberger Technology had stipulated to withdraw this issue from consideration.[6]

## III.   STANDARD OF REVIEW

The interpretation of a stipulation is a question of law to which we apply our independent judgment.[7]   We also independently review the merits of an agency's decision when the superior court is acting as an intermediate appellate court in an administrative matter.[8]

In a similar case, we ruled that the determination "whether a particular [Internal Revenue Code] provision is excepted to or modified by [ANITA] . . . is a matter of pure statutory construction which is not within the particular expertise of the [Department of Revenue] and which requires us to exercise our independent judgment."[9] In matters of statutory construction, we interpret "statutes according to reason,

---

**6**    Article I, Section 8 of the U.S. Constitution provides in pertinent part: "The Congress shall have Power . . . [t]o regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes."

**7**    *DeNardo v. Calista Corp.*, 111 P.3d 326, 329 & n.3 (Alaska 2005).

**8**    *Griswold v. Homer City Council*, 310 P.3d 938, 940 (Alaska 2013) (quoting *Shea v. State, Dep't of Admin., Div. of Ret. & Benefits*, 267 P.3d 624, 630 (Alaska 2011)).

**9**    *State, Dep't of Revenue v. OSG Bulk Ships, Inc.*, 961 P.2d 399, 403 n.6 (Alaska 1998).

practicality, and common sense, taking into account the plain meaning and purpose of the law as well as the intent of the drafters."[10]

## IV.    DISCUSSION

Schlumberger Technology argues that under the Internal Revenue Code, domestic corporations are taxed on their worldwide income, but entitled to claim a tax credit against their United States income tax liability for taxes paid to foreign countries.[11] Foreign corporations, on the other hand, are taxed differently. Under Internal Revenue Code § 882, foreign corporations like Schlumberger Limited are taxed only on their "taxable income which is effectively connected with the conduct of a trade or business within the United States."[12] Schlumberger Technology argues that since ANITA has no explicit exception for Internal Revenue Code § 882, this sourcing rule is incorporated by reference.[13] Thus, Schlumberger Technology argues that the foreign dividends paid to Schlumberger Limited should not have been included in its taxable income under ANITA.

In response, the State argues that the provisions of ANITA apply to all business income of the taxpayer, not just income derived from sources in the United States.[14] The State argues that ANITA uses the "formula apportionment" described in

---

[10]    *Marathon Oil Co. v. State, Dep't of Natural Res.*, 254 P.3d 1078, 1082 (Alaska 2011) (quoting *Native Vill. of Elim v. State*, 990 P.2d 1, 5 (Alaska 1999)) (internal quotation marks omitted).

[11]    26 U.S.C. § 901(b)(1) (2012).

[12]    26 U.S.C. § 882(a)(1) (2012).

[13]    *See* AS 43.20.021(a).

[14]    Alaska Statute 43.19.010, art. IV ¶ (1)(a) provides:

(continued...)

the Multistate Tax Compact to calculate the local portion of a taxpayer's business income regardless of United States or foreign origin. The State thus argues that the sourcing rule contained in Internal Revenue Code § 882 is inconsistent with this "formula apportionment" methodology.

> **A.    The Federal Sourcing Rules Governing Foreign Dividends Are Inconsistent With The Allocation Required By AS 43.20.145(b)(1).**

Under ANITA a corporation that is a member of an "affiliated group"[15] must file a return using the "water's edge combined reporting method."[16] Under the water's edge combined reporting method, "the only corporations besides the taxpayer that may be included in the return" are corporations that are part of a unitary business with the taxpayer and satisfy certain tests for domestic business activity.[17] In this case, the informal conference decision concluded that Schlumberger Technology and Schlumberger Limited were members of an affiliated group, that Schlumberger Limited was engaged in a unitary business with Schlumberger Technology, and that Schlumberger Limited met the test for domestic activity because its "property, payroll,

---

[14](...continued)
> "Business income" means income arising from transaction and activity in the regular course of the taxpayer's trade or business and includes income from tangible and intangible property if the acquisition, management, and disposition of the property constitute integral parts of the taxpayer's regular trade or business operations.

[15]    An " 'affiliated group' means a group of two or more corporations in which 50 percent or more of the voting stock of each member of the group is directly or indirectly owned by one or more . . . common owners, or by one or more of the members of the group[.]" AS 43.20.145(h)(2).

[16]    AS 43.20.145(a).

[17]    AS 43.20.145(a) & (h)(4).

and sales factors in the United States average[d] 20 percent or more."[18] These conclusions are not at issue in this appeal.

The net business income of an affiliated group is subject to apportionment under the Multistate Tax Compact.[19] Under the Compact, a corporation's in-state income is determined by multiplying "[a]ll business income" by an apportionment fraction, which is the average of three factors — the property factor, the payroll factor, and the sales factor.[20] These factors are intended to measure in-state income by comparing a corporation's in-state business activities with its worldwide business activities.[21]

ANITA adopts by reference certain provisions of the Internal Revenue Code,[22] including the provisions on income taxes[23] and the provisions on procedure and

---

[18]    *See* AS 43.20.145(a)(4).

[19]    AS 43.19.010; AS 43.20.142.

[20]    AS 43.19.010, art. IV, ¶ 9.

[21]    *State, Dept. of Revenue v. OSG Bulk Ships, Inc.*, 961 P.2d 399, 404 (Alaska 1998).  In *OSG*, we explained,

> These three factors are fractions; each is calculated by dividing the in-state amount of the taxpayer's subject business activity by the worldwide amount of the taxpayer's subject activity.  AS 43.19.010, art. IV, ¶¶ 10, 13, 15.  For example, the property factor is calculated by dividing the average value of the taxpayer's property owned or rented and used in Alaska during the tax period by the average value of all of its property owned or rented and used during that period.  AS 43.19.010, art. IV, ¶ 10.

*Id.* at 404 n.9.

[22]    *See* AS 43.20.021(a).

[23]    26 U.S.C. §§ 1-1399 (2012).

administration.[24]  These provisions have "full force and effect . . . unless excepted to or modified" by other provisions of ANITA.[25]

But the Internal Revenue Code does not use the same apportionment formula as the Multistate Tax Compact.  Instead, the Internal Revenue Code uses various "sourcing rules" to determine whether a taxpayer's income is derived from a source inside or outside the United States.[26]

Schlumberger Technology relies on Internal Revenue Code § 882, a rule that excludes income of foreign corporations not connected to a trade or business within the United States:

> (1) In general. – A foreign corporation engaged in trade or business within the United States during the taxable year shall be taxable . . . on its taxable income which is effectively connected with the conduct of a trade or business within the United States.
>
> (2) Determination of taxable income. – In determining taxable income for purposes of paragraph (1), gross income includes only gross income which is effectively connected with the conduct of a trade or business within the United States.[27]

This provision requires the exclusion of all foreign dividend income received by a foreign corporation because these dividends are not "effectively connected with the conduct of a trade or business within the United States."

---

[24]    26 U.S.C. §§ 6001-7872 (2012).

[25]    AS 43.20.021(a).

[26]    *See* 26 U.S.C. §§ 861-865 (general source rules); 26 U.S.C. §§ 871-898 (nonresident aliens and foreign corporations).

[27]    26 U.S.C. § 882(a)(1)-(2).

Another sourcing provision excludes all dividends received from a foreign corporation if less than 25% of the gross income of that foreign corporation was effectively connected with the conduct of a trade or business within the United States.[28] Conversely, if the foreign corporation paying the dividends earns 25% or more of its gross income in the United States, then the same percentage of its dividends will be included in the taxpayer's taxable income.[29] This means that even a domestic corporation receiving dividends from a foreign corporation could exclude a significant amount of dividends related to foreign operations.

Alaska Statute 43.20.145(b)(1), however, provides for a different method of calculating the taxable portion of foreign dividends earned by an Alaskan taxpayer. This statute simply requires the corporate taxpayer to exclude 80% of dividend income received from foreign corporations, whether the reporting corporation is foreign or domestic.[30] As noted above, the net business income of the group is then subject to apportionment under the Multistate Tax Compact to determine the group's in-state income.

In *State, Department of Revenue v. OSG Bulk Ships, Inc.*, we considered a similar conflict — whether Internal Revenue Code § 883, the provision which excluded foreign shipping income from federal taxable income, had been "excepted to or modified by" other provisions of ANITA.[31] We concluded that it would be inconsistent with the

---

[28]     26 U.S.C. § 861(a)(2)(B).

[29]     *Id.* Dividends included in this way will always exceed 25%, because the federal statute will include dividend income only if at least 25% of the foreign corporation's gross income is connected to trade or business in the United States.

[30]     AS 43.20.145(b)(1).

[31]     961 P.2d 399, 402-403 (Alaska 1998).

Multistate Tax Compact to exclude "an entire class of foreign-earned income."[32]  This conclusion remains true despite the developments we describe below:  the sourcing provisions of the Internal Revenue Code continue to be fundamentally inconsistent with the formula apportionment required by the Multistate Tax Compact.

In this case, the Internal Revenue Code sourcing provisions exclude most dividends related to foreign operations, and exclude all foreign dividends received by a foreign corporation.  Alaska Statute 43.20.145(b)(1) excludes 80% of foreign dividends, but makes no distinction for foreign dividends received by a foreign corporation.  These two formulas are simply inconsistent.  We thus conclude that the formula provided by AS 43.20.145(b)(1) is an exception to the Internal Revenue Code provisions that would otherwise be incorporated by reference.

### B.     The Adoption Of The "Water's Edge" Statute Did Not Change The Types Of Income That Must Be Reported.

In 1991 the legislature adopted the "water's edge" method for calculating taxable income for affiliated corporations.[33]  Alaska Statute 43.20.145(a) provides that a corporation "shall file a return using the water's edge combined reporting method" and defines the members of the affiliated group that must be included on a taxpayer's return using the water's edge method.[34]  The "water's edge" statute generally excludes "foreign companies that do not conduct at least 20% of their business activities in the United States."[35]  Schlumberger Technology argues that the rationale of *OSG* has been

---

[32]     *Id.*

[33]     Ch. 11, §§ 1-4, SLA 1991.

[34]     AS 43.20.145(a)(1).

[35]     *Id.*

superseded by this legislation, explaining that the exclusion of foreign companies in the water's edge statute is evidence of a legislative intent to exclude all foreign income.

In the agency proceedings, the administrative law judge concluded that "Alaska's change to water's edge accounting geographically limited the types of *corporations*, other than oil and gas corporations, that were included in the unitary group for the purpose of determining the total apportionable income." (Emphasis in original.) The administrative law judge explained that the water's edge statute "did not geographically limit the types of *income* to be included in the total apportionable income from the corporations included within the unitary group." (Emphasis in original.)

This construction is consistent with the language that the legislature used to define the critical term in this statute: " 'water's edge combined reporting method' means a reporting method in which the only corporations besides the taxpayer that may be included in the return are the corporations listed in [AS 43.20.145(a)]."[36] This language limits the corporations that must be joined in a return; it does not limit the types of income that must be reported.

In addition, the section of the statute that provides for the allocation of foreign dividends was included in the same enactment as the water's edge amendment.[37] This section provides for the exclusion of only 80% of the dividend income received from foreign corporations.[38] It thus seems unlikely that the legislature intended the water's edge amendment to have the effect of excluding all dividend income received by a foreign corporation. To give effect to both of these provisions we must adopt the same construction as the administrative law judge — the water's edge provision in AS

---

[36]     AS 43.20.145(h)(4).

[37]     Ch. 11, § 3, SLA 1991.

[38]     *See* AS 43.20.145(b)(1).

45.20.145(a) was intended to designate the corporations that must be joined in a taxpayer's return, and the allocation provision in AS 45.20.145(b) was intended to designate the portion of the foreign dividend income to be reported by those corporations. Construed in this fashion, the water's edge provision is consistent with our decision in *OSG*.

**C.    The Legislature Did Not Incorporate All Of The Federal Sourcing Rules When It Passed AS 43.20.021(h).**

In response to *OSG*,[39] the legislature passed an amendment to ANITA, which provides, "Nothing in this chapter or in AS 43.19 (Multistate Tax Compact) may be construed as an exception to or modification of 26 U.S.C. 883."[40]  Schlumberger Technology argues that by passing this amendment, the legislature required that the federal sourcing provisions must be followed when computing Alaska taxable income.

Schlumberger Technology's argument goes too far. The language of the statute refers to 26 U.S.C. § 883, which excludes from gross income "[i]ncome of foreign corporations from ships and aircraft"[41] and "[e]arnings derived from communications satellite systems."[42]  These exclusions are specific to narrow categories of income derived from specific sources.  Nothing in the language of AS 43.20.021(h) purports to dismantle the provisions of ANITA that incorporate the apportionment formula required by the Multistate Tax Compact.  Moreover, the language of this statute does not refer to our conclusion in *OSG* that the term "all business income" as used in ANITA and the

---

[39]    Minutes, House Labor & Commerce Comm. Hearing on H.B. 472, 20th Leg. (Mar. 30, 1998).

[40]    AS 43.20.021(h).

[41]    26 U.S.C. § 883(a).

[42]    26 U.S.C. § 883(b).

Multistate Tax Compact "encompasses all income of a business origin, without reduction for any class of income of foreign origin."[43]

Schlumberger Technology argues that "if [Internal Revenue Code] Section 883 has been adopted by AS 43.20.021(a), [then Internal Revenue Code] Section 882, of which Section 883 is merely a 'subset,' cannot be 'impliedly' excepted from adoption by AS 43.20.021(a)." We disagree. The legislature apparently made a decision to incorporate the income exclusions contained in § 883 for certain categories of foreign income. But this decision does not change the fact that the federal sourcing rules are generally inconsistent with the apportionment formula required by ANITA. And the exclusion of other categories of foreign income does not change the fact that the total exclusion of foreign dividends under Internal Revenue Code § 882 is simply inconsistent with the 80% exclusion provided by AS 43.20.145(b)(1).

**D.      Schlumberger Technology Intentionally Withdrew Its Constitutional Claim.**

Finally, Schlumberger Technology argues that ANITA violates the Interstate Commerce Clause and the Foreign Commerce Clause of the United States Constitution because the statute discriminates against dividends paid by foreign corporations in favor of dividends paid by domestic corporations.[44] The State responds that Schlumberger withdrew this claim in a stipulation filed during the agency proceedings. The superior court agreed with the State, concluding that Schlumberger Technology waived this claim.

---

[43]     *State, Dep't of Revenue v. OSG Bulk Ships, Inc.*, 961 P.2d 399, 405 (Alaska 1998).

[44]     *See, e.g., Kraft Gen. Foods, Inc. v. Iowa Dep't of Revenue & Fin.*, 505 U.S. 71, 75 (1992).

The record reflects that Schlumberger Technology did raise this claim in its notice of appeal to the office of administrative hearings.[45]  As detailed above, the administrative law judge denied Schlumberger Technology's motion for a summary ruling that ANITA excluded foreign dividends received by a foreign corporation that is part of a taxpayer's affiliated group.  After this denial order, the parties entered into a stipulation that stated that "Schlumberger [Technology] hereby withdraws . . . any potential disputed issues not addressed [in the denial order] including any such issues . . . otherwise identified in its Notice of Appeal[.]"  The administrative law judge accordingly entered a final decision in the State's favor, noting that Schlumberger Technology "maintains the right to appeal the issues ruled on in [the denial] order."

Schlumberger Technology contends that it did not explicitly waive this constitutional argument.  But the stipulation submitted to the administrative law judge specifically withdrew any issues that were not addressed in the denial order, including any issues identified in the notice of appeal.  The notice of appeal specifically included this constitutional issue, but the denial order did not address it.  Therefore, the stipulation to conclude the agency proceedings also withdrew the constitutional issue that Schlumberger Technology is now attempting to raise.

Furthermore, the State asserts that, given the opportunity, it could make a factual record that ANITA contains sufficient "taxing symmetry" to satisfy the federal constitution.  Thus, it is not appropriate in this case for us to address this issue independently of the administrative process.  We generally require an administrative claimant to exhaust its administrative remedies before making a claim in court, unless

---

[45]  Paragraph 3 of the notice of appeal states: "Taxpayer contests the disparate treatment afforded domestic corporations allowing for greater dividend received deductions than allowed for foreign corporations, and the failure to provide requisite mitigating factor relief."

the claim involves only a pure issue of law that requires no factual context.[46] When considering constitutional questions in the context of agency adjudication we have said that

> requiring exhaustion is particularly appropriate where a complainant raises both constitutional and non-constitutional issues . . . because successful pursuit of a claim through the administrative process could obviate the need for judicial review of the constitutional issues.[47]

The potential factual dispute here supports our decision to hold Schlumberger to the terms of its stipulation. We agree with the superior court's conclusion that this constitutional issue was intentionally withdrawn.

## V.     CONCLUSION

We conclude that the Internal Revenue Code provision that requires a foreign corporation to report only income "connected with the conduct of a trade or business within the United States" has not been adopted by reference because it is inconsistent with the formula provided by ANITA. We also conclude that Schlumberger Technology intentionally withdrew its claim that this reading of ANITA would violate the United States Constitution. We therefore AFFIRM the superior court's decision affirming the decision of the Department of Revenue.

---

[46]     *See Doubleday v. State, Commercial Fisheries Entry Comm'n*, 238 P.3d 100, 107 (Alaska 2010) (stating that "only the purest legal questions, requiring no factual context, are exempt from the exhaustion requirement").

[47]     *Standard Alaska Prod. Co. v. State, Dep't of Revenue*, 773 P.2d 201, 207 (Alaska 1989) (citing *Ben Lomond, Inc. v. Municipality of Anchorage*, 761 P.2d 119, 122 (Alaska 1988)).