NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| MARINA E. AUSTIN, | ) | |
| | ) | Supreme Court No. S-15501 |
| Appellant, | ) | |
| | ) | Superior Court No. 1JU-13-00796 CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| CITY AND BOROUGH OF JUNEAU, | ) | AND JUDGMENT* |
| | ) | |
| | ) | No. 1560 - December 2, 2015 |
| Appellee. | ) | |
| | ) | |

Appeal from the Superior Court of the State of Alaska, First Judicial District, Juneau, Philip M. Pallenberg, Judge.

Appearances: Marina E. Austin, pro se, Juneau, Appellant. Christopher F. Orman, Assistant Municipal Attorney, and Amy Mead, Municipal Attorney, Juneau, for Appellee City and Borough of Juneau-Transit. Michael L. Lessmeier, Lessmeier & Winters, LLC, Juneau, for Appellee City and Borough of Juneau Hospital.

Before: Fabe, Chief Justice, Winfree, Stowers, Maassen, and Bolger, Justices.

# I. INTRODUCTION

A woman sued the City and Borough of Juneau (the City) for damages allegedly caused by her improper discharge from a City-owned hospital and by an accident involving a City bus. Following discovery, the superior court granted summary

---

\*      Entered under Alaska Appellate Rule 214.

judgment in favor of the City on both incidents. The woman appeals. She does not directly attack the superior court's summary judgment rulings but rather alleges that the judge was biased against her and that she was wrongly denied an out-of-court settlement. She also argues that her claims involving the hospital and the bus should have been separated into two cases, though she did not make that request below. Her arguments lack merit, and we affirm the superior court's judgment.

## II. FACTS AND PROCEEDINGS

Marina Austin, acting pro se, filed two complaints in the superior court. One named "City & Borough of Juneau–Hospital" as the defendant and alleged medical malpractice, negligence, and discrimination.[1] Austin alleged that she was admitted to the hospital emergency room with pain in her stomach, head, back, and hip, and that the hospital staff also knew she had problems with her gall bladder, a hernia, and "possible cancer." She claimed that an emergency room physician discharged her when she should have been sent to Seattle for treatment instead. She also alleged that members of the emergency room staff were rude to her, possibly because she is an Alaska Native. She asked for $4 million in damages.

A second complaint filed the same day identified "City & [Borough] Capital Transit" as the defendant and alleged that Austin had got her arm caught in a City bus door while stepping out of the bus. The complaint referred to three other incidents in which Austin had allegedly been injured on City buses. In this complaint, like the other one, Austin asked for $4 million in damages against the City. The two complaints were given the same case number.

The City moved to dismiss Austin's claim against the hospital. It relied on a state statute which limits hospitals' vicarious liability for the actions of their

---

[1] The City operates Bartlett Regional Hospital.

independent-contractor emergency room physicians if the hospitals have provided the proper notice to the public, which the City claimed to have done.[2]

Austin did not timely oppose the City's motion. While the motion was pending the City served her with interrogatories and requests for production. Austin then filed an opposition to the dismissal motion, describing her health problems and her surprise that the hospital had not sent her to Seattle as she wished. She also filed initial disclosures, including a list of witnesses and photographs apparently intended to show her injuries.

After the City moved to compel discovery responses, Austin eventually provided more information about the bus incident. She said that she caught her arm in the door and "pulled [it] out quick" before the bus "took off," that it happened in the summer, and that she had a cousin who knew about it. But she could identify no witnesses to the incident, and she said she had not been to see a doctor about the injuries it allegedly caused.

The City then moved for summary judgment on the bus-related claims. It presented affidavit testimony from the City's Transit Operations Supervisor, who attested that she had researched the relevant incident reports and video footage from on-bus cameras and found nothing to support Austin's claim that an accident had happened at or around the time she alleged. The City argued that Austin could not establish a breach of the heightened duty of care that common carriers owe the traveling public, a breach of any lesser duty, or any damages that were not purely speculative. Austin filed an opposition in which she asserted that she had "figured out [] the exact day" of the bus

---

[2]    *See* AS 09.65.096(a) ("A hospital is not liable for civil damages as a result of an act or omission by an emergency room physician who is not an employee or actual agent of the hospital if the hospital provides notice that the emergency room physician is an independent contractor and the emergency room physician is insured . . . .").

accident and that it was October 28, 2013 — five and a half months after she had filed her complaint. She also expanded on her alleged injuries.

The superior court notified Austin that it intended to treat the City's motion to dismiss the hospital-related claims as a motion for summary judgment, then granted summary judgment on those claims in favor of the City. The court cited AS 09.65.096 and explained why it meant that the hospital could not be held liable for alleged misconduct by the emergency room staff. The court also granted the City's motion for summary judgment on the bus-related claims, noting that Austin had failed to present any admissible evidence "establishing that there are any genuine issues of material fact." The court entered final judgment in favor of the City, from which Austin now appeals.

Two of Austin's points on appeal allege that the superior court treated her disrespectfully and with bias. She also apparently asserts that the superior court erred by not imposing an out-of-court settlement. And she asserts that her two complaints — the hospital-related complaint and the bus-related complaint — should have been treated as two separate cases.

## III. STANDARDS OF REVIEW

We "review de novo the question of whether a judge appears biased, which is assessed under an objective standard."[3] Under this standard we must decide "whether, given the circumstances, reasonable people would question the judge's ability to be fair."[4] "[D]ecisions about guidance to a pro se litigant" are reviewed for abuse of discretion.[5]

---

[3]   *Sagers v. Sackinger*, 318 P.3d 860, 863 (Alaska 2014).

[4]   *Griswold v. Homer City Council*, 310 P.3d 938, 941 n.6 (Alaska 2013) (quoting *Phillips v. State*, 271 P.3d 457, 459 (Alaska App. 2012)).

[5]   *Shooshanian v. Dire*, 237 P.3d 618, 622 (Alaska 2010).

"Bifurcation of a trial is generally within the discretion of a trial court, and a ruling on this issue will not be reversed absent an abuse of that discretion."[6] We may consider an issue raised for the first time on appeal if it constitutes plain error.[7]

## IV. DISCUSSION

### A. Austin Makes No Showing That The Judge Was Biased Or Failed To Accommodate Her Pro Se Status.[8]

In what appear to be claims of actual bias, Austin argues that the superior court "failed[] to give [her] respect"; that although she "filed a discrimination[] lawsuit, . . . [she] didn't even[] feel as if [the court] respected [her]"; and that the judge "was always only for the [City]." But she does not point to any single incident that could support these claims. Judicial bias cannot be inferred solely from adverse rulings.[9] Austin fails to satisfy her burden to show that the judge acted with either actual or apparent bias.

Austin may be suggesting that the superior court failed to respect her pro se status by failing to give her the guidance to which she was entitled. Our review of the record provides no basis for such a claim either. Although the trial court has a "duty to self-represented litigants, trial court judges must strike an appropriate balance between their role as a neutral and impartial decision maker and their affirmative duty to advise self-represented litigants."[10] The superior court did so in this case, making repeated

---

**6**    *Sever v. Alaska Pulp Corp.*, 931 P.2d 354, 361 n.10 (Alaska 1996).

**7**    *State v. Nw. Constr., Inc.*, 741 P.2d 235, 239 (Alaska 1987).

**8**    We have sometimes reviewed claims of judicial bias that were not preserved in the trial court, and we do so again here. *See Greenway v. Heathcott*, 294 P.3d 1056, 1063 (Alaska 2013).

**9**    *Khalsa v. Chose*, 261 P.3d 367, 376 (Alaska 2011).

**10**    *Bush v. Elkins*, 342 P.3d 1245, 1253 (Alaska 2015) (footnotes omitted).

efforts to advise Austin of her obligations under the Civil Rules and relaxing the deadlines for her responses to motions and discovery requests. We see no abuse of discretion.

**B.** **The Superior Court Did Not Commit Plain Error By Failing To Treat Austin's Complaints As Two Separate Cases.**

Austin argues that her hospital-related complaint and her bus-related complaint, filed the same day, "should have been two separate cases," but she provides no support for her argument, nor does it appear that she made the argument in the superior court. "As a general rule, this court will not consider an issue raised for the first time on appeal."[11] We may consider a waived issue if it is not dependent on new or controverted facts, is closely related to the appellant's trial court arguments, and could have been gleaned from the pleadings, or if it constitutes plain error.[12] There is nothing in Austin's pleadings in the superior court from which this issue "could have been gleaned." We therefore review it for plain error only.

"Plain error exists where an obvious mistake has been made which creates a high likelihood that injustice has resulted."[13] Austin points to no injustice that resulted from the superior court's failure to separate her two complaints sua sponte. She does not explain how the outcome could have been different in a bifurcated proceeding. There was no plain error.

---

[11]     *Nw. Constr., Inc.*, 741 P.2d at 239.

[12]     *Id.* (quoting *Miller v. Sears*, 636 P.2d 1183, 1189 (Alaska 1981)).

[13]     *Broeckel v. State, Dep't of Corr.*, 941 P.2d 893, 897 (Alaska 1997) (quoting *Tenala, Ltd. v. Fowler*, 921 P.2d 1114, 1124 (Alaska 1996) (internal quotation marks omitted)).

**C.  The Superior Court Was Not Required To Impose A Settlement On The Parties.**

Austin's final contention is that the superior court "kept making[] excuses not to give [her] an out of court settlement." There is nothing in the record to indicate that the City ever made a settlement offer; the City expressly denies having done so. Austin apparently argues that the superior court should have forced the City to make an offer that she would find acceptable.

But settlements are a species of contract, which parties enter into *voluntarily* for the resolution of their legal disputes.[14] "An essential requirement of an enforceable settlement agreement is the parties' *mutual assent* to the agreement's terms."[15] Although Alaska public policy encourages settlement[16] and our Civil Rules authorize the superior courts to order parties to meet and negotiate with each other, even then a settlement must be "mutually agreeable."[17] In short, the superior court lacked the power to order the City to settle Austin's claims. Again we see no error.

## V.  CONCLUSION

We AFFIRM the judgment of the superior court.

---

[14]  *Colton v. Colton*, 244 P.3d 1121, 1127 (Alaska 2010).

[15]  *Id.* at 1127-28 (emphasis added).

[16]  *Id.* at 1127.

[17]  Alaska R. Civ. P. 100(a).