*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| OLIVIA LEE-MAGANA, | ) | |
| | ) | Supreme Court No. S-15854 |
| Appellant, | ) | |
| | ) | Superior Court Nos. 3AN-14-02776/ |
| v. | ) | 3AN-14-02990 CI |
| | ) | |
| JACOB CARPENTER, | ) | O P I N I O N |
| | ) | |
| Appellee. | ) | No. 7113 - July 1, 2016 |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Michael D. Corey, Judge.

Appearances: Olivia Lee-Magana, pro se, Anchorage, Appellant. No appearance by Appellee Jacob Carpenter.

Before: Stowers, Chief Justice, Fabe, Winfree, Maassen, and Bolger, Justices.

MAASSEN, Justice.

## I.    INTRODUCTION

This appeal involves two petitions for long-term domestic violence protective orders. A woman prevailed both on a petition she brought against her ex-boyfriend and on a petition he brought against her. She moved for attorney's fees in both cases, but the trial court denied her motions at first and again on reconsideration. The woman appeals, asserting that the trial court abused its discretion by not awarding her full attorney's fees on both petitions — on hers because she was the prevailing petitioner

in a domestic violence case for whom fees are allowed by statute, and on her ex-boyfriend's because she was the prevailing party and his petition was vexatious.

We affirm the superior court's denial of attorney's fees for the woman's successful defense against her ex-boyfriend's petition. As for the court's denial of attorney's fees to the woman as the prevailing petitioner, we conclude there was no adequate reason for denying fees and therefore reverse and remand for an award of fees in an appropriate amount.

## II.    FACTS AND PROCEEDINGS

### A.    Background

Olivia Lee-Magana and Jacob Carpenter met as teenagers sometime in the 1990s.[1] They were in a two-year romantic relationship beginning in 2012 and had a child together. But their relationship was often tumultuous. In late 2014 Carpenter attempted to evict Lee-Magana from his home, and there followed a dispute over child custody and allegations of domestic violence by each party against the other.

### B.    Lee-Magana's Petition For A Domestic Violence Protective Order

Lee-Magana filed a petition for a protective order against Carpenter on September 16, 2014. At the close of an ex parte hearing, the magistrate judge granted her a twenty-day protective order. The subsequent hearing on a long-term protective order was heard by the superior court judge assigned to the parties' custody dispute. At the hearing, Carpenter stipulated to an act of domestic violence because of a finding recently made by another judge, in a different case, involving a different petitioner, and the judge entered a long-term protective order predicated on that stipulation. Much of the rest of the hearing involved working out such details as no-contact provisions and the retrieval of personal property.

---

[1]    Lee-Magana was represented by counsel in the superior court but is acting pro se on appeal. Carpenter did not file a brief on appeal or otherwise appear.

After the hearing Lee-Magana filed a motion for an award of $1,000 in reasonable actual attorney's fees, "pursuant to [AS] 18.66.100(c)(14), based upon her status as the prevailing litigant in this case." She filed the motion late and moved that it be accepted late; the superior court denied the fees motion without explanation. A few weeks later Lee-Magana moved for reconsideration, asking the court to explain its ruling.

### C. Carpenter's Petition For A Domestic Violence Protective Order

A few weeks after Lee-Magana filed her petition for a long-term domestic violence protective order against Carpenter, he filed a petition for both short-term and long-term orders against her. Carpenter, unlike Lee-Magana, was denied a short-term order. The hearing on Carpenter's request for a long-term order took place in late October, again before the judge in the custody case, two weeks after the judge had granted Lee-Magana a long-term order. On Carpenter's petition against Lee-Magana, the superior court found "that [the case] was close," but it declined to issue a long-term order on the ground that Carpenter had failed to prove he was the victim of domestic violence.

Lee-Magana moved for attorney's fees on this petition too, again seeking $1,000. Carpenter opposed the motion and, as in the other case, the superior court denied the motion without explanation. Lee-Magana moved for reconsideration and Carpenter again filed an opposition.

### D. The Superior Court's Orders On Reconsideration

On reconsideration, the superior court issued orders in both domestic violence matters explaining why it had denied Lee-Magana's motions for attorney's fees. The court explained that it did not award fees for Lee-Magana's successful defense against Carpenter's petition because it did not want to "cast a chilling effect on the pursuit of relief in the face of perceived entitlement to protection from alleged domestic violence." It further stated that it was "unwilling to characterize Mr. Carpenter's efforts [in pursuing his petition against Lee-Magana] as 'vexatious.' "

As for Lee-Magana's petition against Carpenter — on which she succeeded in obtaining a long-term protective order — the superior court noted that "Carpenter stipulated to the entry of [the] Long-Term Domestic Violence Order" and that "[a] significant portion of that hearing (which was also set on in the custody matter . . .) was spent with property and interim support issues which were to be included in[] the LTDV Order." The court ruled that "[t]o the extent that proceeding dealt with [domestic violence] issues, attorney fees are denied, with prejudice." However, "[t]o the extent the proceedings addressed custody and support issues, the request for attorney fees is dismissed, without prejudice. Attendant attorney fees issues may be raised in connection with any application for attorney fees in [the custody case]."

Lee-Magana filed this appeal. It addresses only the denial of her requests for attorney's fees in the two domestic violence cases.

## III. STANDARDS OF REVIEW

We review attorney's fee awards for abuse of discretion.[2] An award or denial of attorney's fees is an abuse of discretion if it is "arbitrary, capricious, manifestly unreasonable, or improperly motivated."[3] Interpretation of statutes, including those authorizing awards of attorney's fees in particular types of cases, is subject to de novo review.[4]

---

[2]     *Greene v. Tinker*, 332 P.3d 21, 41 (Alaska 2014); *Koller v. Reft*, 71 P.3d 800, 808 (Alaska 2003).

[3]     *Rhodes v. Erion*, 189 P.3d 1051, 1053 (Alaska 2008) (quoting *Kellis v. Crites*, 20 P.3d 1112, 1113 (Alaska 2001)); *see also Gold Dust Mines, Inc. v. Little Squaw Gold Mining Co.*, 299 P.3d 148, 157 (Alaska 2012) ("We will not reverse an [attorney's fee] award unless it is 'manifestly unreasonable.' " (quoting *Welcome v. Jennings*, 780 P.2d 1039, 1043 (Alaska 1989)).

[4]     *See In re Vernon H.*, 332 P.3d 565, 572 (Alaska 2014) (construing statutory authority for awards of attorney's fees in guardianship proceedings).

## IV. DISCUSSION

The superior court's denials of attorney's fees in the two cases — one in which Lee-Magana was the prevailing respondent and one in which she was the prevailing petitioner — are subject to different analyses. We reach different conclusions in the two cases.

### A. The Superior Court Did Not Abuse Its Discretion By Denying Attorney's Fees To Lee-Magana For Her Successful Defense Against Carpenter's Petition.

Lee-Magana contends on appeal that in seeking fees for the domestic violence proceeding brought by Carpenter, "she simply relied upon [Alaska] Civil Rule 82 and her status as the prevailing party."[5] But in fact her initial motion relied solely on the statute governing the allowable provisions of a domestic violence protective order, AS 18.66.100(c)(14); she did not cite Rule 82 until she moved for reconsideration, at which point the court was not obliged to consider a new basis for her fees request.[6] In any event, we have recently reiterated "as a general proposition that '[i]f a specific statutory scheme for attorney's fees exists, Civil Rule 82 does not apply,'" because Rule 82(a) specifically excludes from its reach those cases in which fees are "otherwise provided by law."[7]

Alaska Statute 18.66.100(c)(14) provides that "[a] protective order under this section may . . . require the respondent to pay costs and fees incurred by the

---

[5]     Rule 82(a) provides: "Except as otherwise provided by law or agreed to by the parties, the prevailing party in a civil case shall be awarded attorney's fees calculated under this rule."

[6]     *See Donahue v. Ledgends, Inc.*, 331 P.3d 342, 356 (Alaska 2014) (holding that the superior court was not "obliged to consider the [Alaska Civil] Rule 68 argument when it was raised for the first time in motions for reconsideration").

[7]     *In re Vernon H.*, 332 P.3d at 576 (alteration in the original) (quoting *Enders v. Parker*, 66 P.3d 11, 17 (Alaska 2003)).

petitioner in bringing the action under this chapter." The statute thus authorizes awards of costs and fees to "the petitioner," not to a respondent, regardless of whether the respondent successfully defended against the petition.[8] The superior court's explanation for denying Lee-Magana's request for fees in Carpenter's case — that awarding fees against an unsuccessful petitioner could "cast a chilling effect on the pursuit of relief" from domestic violence — is consistent with the apparent purpose of this statutory dichotomy.

Lee-Magana also argues that she was entitled to attorney's fees because Carpenter's petition was vexatious. Although as with Rule 82 she did not raise a vexatiousness argument in her original motion, the superior court addressed the issue in its order on reconsideration, finding expressly that Carpenter's efforts were not vexatious. This is consistent with the judge's earlier remarks at the close of the hearing on Carpenter's petition, when the judge said "there were many interactions between [the parties] that come very close to constituting domestic violence [in] the way Alaska has defined it" and that the case "was close in [his] mind." We need not determine whether vexatiousness may provide a separate basis for an award of fees against an unsuccessful petitioner in a domestic violence case, as we defer to the superior court's better perspective on the parties' motivations and its finding in this case that Carpenter did not act vexatiously.[9]

---

[8]     *See State, Office of Pub. Advocacy v. Estate of Jean R.*, __ P.3d __, Op. No. 7098, 2016 WL 1612829 (Alaska Apr. 22, 2016) (observing that "[i]n domestic violence proceedings, . . . the court may require the respondent to pay the petitioner's attorney's fees if a protective order is granted; yet there is no parallel provision allowing the respondent in a domestic violence proceeding to collect attorney's fees from the petitioner if the petitioner does not prevail").

[9]     *See Greene v. Tinker*, 332 P.3d 21, 42 (Alaska 2014) (observing that in
(continued...)

-6-                                                                          7113

**B.    The Superior Court On Remand Should Award Attorney's Fees  To Lee-Magana For Her  Successful Petition.**

Lee-Magana also argues that she was entitled to full attorney's fees as the prevailing petitioner on the domestic violence petition she brought against Carpenter. Though she again makes arguments based on Rule 82 and Carpenter's alleged vexatiousness, we limit our discussion to her claim under the statute.[10]

Alaska Statute 18.66.100(c)  provides that "[a] protective order under this section *may*" include various provisions, including one requiring the respondent to pay the petitioner's costs and fees.[11]  Lee-Magana concedes that the statute's plain language "does not expressly 'require' the trial court to award [her] her full costs and attorney's fees," but she argues that full reimbursement is the only way to effectuate the statute's purposes.  She contends that she was a victim of domestic violence and that she will be further victimized if she is required to pay for protection from future violence.  She argues that in the absence of full reimbursement of attorney's fees, petitioners like her may feel compelled to proceed pro se, and their lack of legal experience may deprive the court of the evidence it needs to make a correct decision.

---

[9](...continued) determining whether claims were brought in bad faith for purposes of a departure from the Rule 82 schedule for attorney's fees awards, "the superior court was in the best position to evaluate [the plaintiff's] motivations").

[10]    As explained above, Rule 82 is displaced by the statutory fees provision, and an argument based on Carpenter's alleged vexatiousness is precluded by our deference to the superior court's finding that he was not vexatious.  We also note that when seeking fees related to her successful petition, Lee-Magana expressly disclaimed any reliance on Rule 82, noting in her motion for reconsideration "that she is not seeking Civil Rule 82 fees in this case but has, instead[,] requested the reimbursement of her fees pursuant to [AS] 18.66.100(c)(14)."

[11]    AS 18.66.100(c)(14) (emphasis added).

We recognize the strong policy arguments for encouraging legal representation in domestic violence proceedings, as represented petitioners are more likely to succeed in obtaining a protective order and are less likely to suffer further abuse.[12] Notwithstanding the discretionary nature of the award, it would seem to be the exceptional case in which the superior court declines to award attorney's fees to the prevailing petitioner. In *Scully v. Scully* we addressed a statutory amendment providing that a court "may" modify a child support judgment to provide "for the care, nurture, and education of unmarried 18-year-old children of the marriage while they are actively pursuing a high school diploma or an equivalent level of technical or vocational training and living as dependents with a parent."[13] Citing the number of children to which the change likely applied, and notwithstanding the statute's grant of trial-court discretion, we concluded that "it should be the exceptional case in which a court declines to extend child support payments beyond the child's eighteenth birthday where [the] statutory

---

**12**     *See* JENNIFER S. ROSENBERG & DENISE A. GRAB, INST. FOR POLICY INTEGRITY AT N.Y.U. SCH. OF LAW, SUPPORTING SURVIVORS: THE ECONOMIC BENEFITS OF PROVIDING CIVIL LEGAL ASSISTANCE TO SURVIVORS OF DOMESTIC VIOLENCE 9 (2015), http://www.policyintegrity.org/documents/SupportingSurvivors.pdf (reporting that "access to legal services is a determining factor in whether a woman chooses to exercise her right to petition for a protective order — and whether her petition is sucessful"); Jane C. Murphy, *Engaging with the State: The Growing Reliance on Lawyers and Judges to Protect Battered Women*, 11 AM. U. J. GENDER SOC. POL'Y & L. 499, 511-12 (2003) (reporting that 83% of women seeking domestic violence protective orders who had an attorney succeeded in getting the order, while only 32% of women without an attorney succeeded); Amy Farmer & Jill Tiefenthaler, *Explaining the Recent Decline in Domestic Violence*, 21 CONTEMP. ECON. POL'Y 158, 167 (2003) (concluding that "[m]ost services provided to help battered women do not impact the likelihood of abuse, but the provision of legal services significantly lowers the incidence of domestic violence").

**13**     987 P.2d 743, 745 (Alaska 1999) (quoting AS 25.24.170(a)).

requirements have been met."[14] Here, too, we conclude that it should be the exceptional case in which a court fails to grant what the statute allows.

In the superior court's order on reconsideration, it explained that it denied "with prejudice" Lee-Magana's request for fees related to her successful petition "to the extent [the] proceeding dealt with [domestic violence] issues," but that "[t]o the extent the proceedings addressed custody and support issues, the request for attorney fees [was] dismissed, without prejudice." The order contemplated that Lee-Magana would seek fees related to the custody and support issues "in connection with any application for attorney fees in [the ongoing custody case]." But our review of the hearing on Lee-Magana's petition for a long-term order reveals that, despite Carpenter's stipulation to the underlying act of domestic violence, almost all of the hearing was devoted to ironing out the details of the protective order; very little of it involved issues of custody or support. In the brief discussion of custody, the parties agreed to leave things as they were, and the only discussion of child support put off the issue for later, after the parties had submitted their income forms. Because so little of the hearing involved custody, it appears that the attorney's fees incurred in the domestic violence proceeding that Lee-Magana may recover in the related custody case may be minimal.

To the extent the superior court's denial of attorney's fees relied on the fact that Carpenter stipulated to the entry of the long-term order, the denial is also unwarranted. Carpenter's stipulation did not make the proceeding or the resulting order unnecessary; at best it helped minimize the amount of attorney's fees for which Carpenter could be held responsible.

---

[14]    *Id.* at 747.

In short, neither justification given for the superior court's denial of attorney's fees "[t]o the extent [the] proceeding dealt with DV issues" — neither the possibility that Lee-Magana could recover some fees in the custody case nor the fact that the proceedings commenced with Carpenter's stipulation to an act of domestic violence — demonstrates this to be the "exceptional case" in which a denial of fees is justified. We therefore reverse and remand for entry of an award of reasonable attorney's fees.

## V.    CONCLUSION

We AFFIRM the superior court's order denying attorney's fees in the domestic violence proceeding brought by Carpenter against Lee-Magana, case number 3AN-14-02990 CI. We REVERSE the denial of attorney's fees in the domestic violence proceeding brought by Lee-Magana against Carpenter, case number 3AN-14-02776 CI.