*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| SABABU HODARI, | ) | |
| | ) | Supreme Court No. S-16347 |
| Appellant, | ) | |
| | ) | Superior Court No. 3AN-14-09035 CI |
| v. | ) | |
| | ) | O P I N I O N |
| STATE OF ALASKA, DEPARTMENT | ) | |
| OF CORRECTIONS, | ) | No. 7208 – October 27, 2017 |
| | ) | |
| Appellee. | ) | |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Charles W. Ray, Jr., Judge.

Appearances: Jon Buchholdt, Buchholdt Law Offices, Anchorage, for Appellant. John K. Bodick, Assistant Attorney General, Anchorage, and Jahna Lindemuth, Attorney General, Juneau, for Appellee.

Before: Stowers, Chief Justice, Bolger, and Carney, Justices. [Winfree and Maassen, Justices, not participating.]

CARNEY, Justice.

## I.  INTRODUCTION

In May 2014 the Alaska Department of Corrections found Sababu Hodari, an inmate at Palmer Correctional Center, guilty of a disciplinary infraction.  Hodari appealed the Department's decision to the superior court, arguing that the Department violated his right to due process by failing to follow prescribed procedure in the

disciplinary hearing. While the appeal was pending the Department reversed its decision and removed the disciplinary records from Hodari's file. The superior court then found that Hodari had effectively prevailed on his appeal, and it allowed him to recover costs and fees from the Department. Hodari moved for an award of $4,800 in attorney's and paralegal fees. The court awarded Hodari fees and costs but did not specify the amount of the award in its order, so the Department moved for clarification of the fee-award order. In its clarification order the court stated that because Hodari had not shown that the paralegal fees were for legal work "ordinarily performed by an attorney," he was only entitled to $1,800 in attorney's fees. Hodari appeals, arguing that the superior court abused its discretion in refusing to award him paralegal fees. We disagree, and we therefore affirm the superior court's fee award.

## II.    FACTS AND PROCEEDINGS

At a Department of Corrections disciplinary hearing held in May 2014, Sababu Hodari was found guilty of planning an escape from Palmer Correctional Center. He filed an appeal in the superior court in August 2014, arguing that the Department had violated his right to due process by failing to provide him with a complete disciplinary report and by relying on evidence it did not disclose to him. While Hodari's appeal was pending the Department informed the court that it intended to conduct a new hearing on Hodari's disciplinary offense. The court therefore concluded that "Hodari has effectively prevailed here," and it ordered the Department to show cause why the court should not grant Hodari his requested relief along with costs and fees.

In its response to the show cause order the Department asked the court to require Hodari to file a motion for costs and fees; it requested that the "statement of costs and fees should include a statement of the specific work performed, the date the specific work was performed, who performed the work, the credentials of the person who performed the work, and the hourly rate for the work." The superior court then issued

an order dismissing the appeal, naming Hodari the prevailing party, and stating that Hodari "may seek costs and/or fees as may be allowed under the law."

Hodari's counsel submitted a motion for award of attorney's fees in which he stated that he had spent six hours at $300 per hour on the appeal, and that his office expended an additional twenty hours of "non-attorney (paralegal) time" at $150 per hour on the appeal. He did not itemize his fees in any further detail. The Department questioned the accuracy of this hourly reporting, asserting that "[t]here is no way filing the form pleadings, reviewing this 17-page record, listening to a 5-minute hearing CD, and writing this one argument took six hours of attorney time and 20 hours of paralegal time." It asked the court to deny Hodari's motion for attorney's fees, or, if the court granted the motion, to require Hodari to submit "an itemized statement of the actual hours performed on this case which includes the work performed, the date of the work, who performed the work and the amount of time of the work performed on that date."

The court granted Hodari's motion for attorney's fees without ordering him to submit an itemized fee request. It determined that Alaska Appellate Rule 508, which governed the fee award in this case, allowed it to grant full reasonable fees and costs to Hodari as a constitutional claimant under AS 09.60.010.[1] The court did not, however,

---

[1]    AS 09.60.010(c) provides in pertinent part:

In a civil action or appeal concerning the establishment, protection, or enforcement of a right under the United States Constitution or the Constitution of the State of Alaska, the court

(1) shall award, subject to (d) and (e) of this section, full reasonable attorney fees and costs to a claimant, who, as plaintiff, counterclaimant, cross claimant, or third-party plaintiff in the action or on appeal, has prevailed in asserting the right . . . .

specify the amount of fees the Department was required to pay Hodari; it stated only that "[t]he requested attorney['s] fees and costs are reasonable and would not impose a substantial and undue hardship on DOC."

The Department moved to clarify the court's order, asking for clarification of three issues. First, it stated that neither Hodari's motion for attorney's fees nor the court's order specified the amount of fees to be paid.[2] Second, it noted that the affidavit attached to the motion for attorney's fees listed both attorney and paralegal fees, but the court had not specified whether the Department was required to pay the paralegal fees. And third, it observed that although the court's order mentioned costs, Hodari had not requested costs in his motion for attorney's fees. The Department therefore argued that "a more specific order is necessary for the Department to remit payment." Hodari filed a notice of partial non-opposition to the Department's request for clarification, stating that he was seeking $4,800 in fees to be paid by May 19, 2016.

In its order on the motion for clarification the court noted that AS 09.60.010, under which Hodari was entitled to reasonable attorney's fees, does not define the term "attorney's fees." The court therefore adopted the Alaska Civil Rule 82 definition of attorney's fees as "includ[ing] fees for legal work customarily performed by an attorney but . . . delegated to . . . [a] paralegal." It noted that Hodari had not itemized his fee request or indicated whether the twenty hours of paralegal work he was requesting included work "customarily performed by an attorney," and it concluded that the Department's request for itemized details "was sufficient to raise the issue." Because Hodari had not identified which of the paralegal hours fell within the definition of attorney's fees, the court limited the fee award to "actual attorney time" and awarded

---

[2] Hodari did, in fact, specify in the affidavit attached to his motion for attorney's fees that he was requesting a total of $4,800 in combined attorney and paralegal fees.

Hodari $1,800 in attorney's fees, the amount corresponding to the hours he had listed as attorney work.

Following the court's order, Hodari filed a motion for reconsideration arguing that the Department had not questioned whether the paralegal work was work "customarily performed by an attorney," but rather had asserted that the number of work hours claimed was unreasonable. Because he believed the Department had not raised the question whether the paralegal fees were to be included in the attorney's fees, he argued that it was error for the court to raise the question sua sponte. He argued that the court instead should have ordered him to submit a more specific, itemized list of the paralegal fees he was seeking so that "the court could examine the records for reasonableness." In support of his motion for reconsideration, Hodari submitted an affidavit itemizing his paralegal fees. The court denied the motion, concluding that Hodari did not present any argument "that could not have been addressed" "in briefing on the motion for attorney's fees." The court reiterated that the Department had asked Hodari to itemize his requested fees, but Hodari had failed to do so.

Hodari now appeals, arguing that the court abused its discretion in denying the award of paralegal fees.

## III. STANDARD OF REVIEW

We review a superior court's award of attorney's fees for abuse of discretion; the same standard of review applies when the superior court acts as an intermediate appellate court.[3] We will find an abuse of discretion when the superior

---

[3]    *Miller v. Matanuska-Susitna Borough*, 54 P.3d 285, 289 (Alaska 2002); *Cook Inlet Pipe Line Co. v. Alaska Pub. Utils. Comm'n*, 836 P.2d 343, 348 (Alaska 1992).

court's award of attorney's fees is "arbitrary, capricious, manifestly unreasonable, or improperly motivated."[4]

## IV. DISCUSSION

In an appeal from an agency decision to the superior court, Appellate Rule 508 governs the award of attorney's fees.[5] Attorney's fees may be awarded under the rule only if they are "provided by statute, caselaw, or contract."[6] For parties prevailing on a claim or appeal "concerning the establishment, protection, or enforcement of a right under the United States Constitution or the Constitution of the State of Alaska," AS 09.60.010(c) requires courts to award "full reasonable attorney fees and costs."[7] Alaska Statute 09.60.010(c) does not specifically define "attorney's fees." However, "we have allowed the superior court to use Rule 82(b)(2) as a guideline in an administrative appeal,"[8] and Rule 82(b)(2) defines attorney's fees as "includ[ing] fees for legal work customarily performed by an attorney but which was delegated to and

---

[4] *Roderer v. Dash*, 233 P.3d 1101, 1106 (Alaska 2010) (quoting *Rhodes v. Erion*, 189 P.3d 1051, 1053 (Alaska 2008)).

[5] *Carr-Gottstein Props. v. State*, 899 P.2d 136, 148 (Alaska 1995).

[6] Alaska R. App. P. 508(e)(1).

[7] *See Krone v. State, Dep't of Health & Soc. Servs.*, 222 P.3d 250, 255-56 (Alaska 2009). The statute establishes certain exceptions to this rule, neither of which applies here: A court may not award fees when the claimant had "sufficient economic incentive to bring the suit, regardless of the constitutional claims involved," AS 09.60.010(d)(2), and a court may reduce the fee award when "the full imposition of the award would inflict a substantial and undue hardship upon the party ordered to pay the fees and costs or, if the party is a public entity, upon the taxpaying constituents of the public entity." AS 09.60.010(e).

[8] *Griswold v. Homer City Council*, 310 P.3d 938, 943 (Alaska 2013) (citing *Stalnaker v. Williams*, 960 P.2d 590, 597-98 (Alaska 1998)).

performed by an investigator, paralegal or law clerk." Although the court has broad discretion in awarding attorney's fees,[9] where a fee-award rule "authorizes reasonable actual fees, a court may not award attorney's fees to a party who has not itemized his or her requested fees, when the opposing party has requested such itemization."[10]

## A. The Court Did Not Abuse Its Discretion In Declining To Award Hodari Paralegal Fees.

Hodari argues that the Department did not request an itemization of his attorney's fees. He concedes that "had a specific and cognizable request for itemization been lodged, it would have been his duty to provide one."[11] But he argues that the Department's purported request for itemization consisted of only "one cursory sentence located in an alternative argument in the conclusion" of its opposition to attorney's fees, and that this request was not sufficient to require him to submit a fee itemization. He asserts that, had the court ordered him to itemize his fee request, he "would have immediately complied" — indeed, he argues, once the court's final order put him on notice of the itemization requirement, he duly submitted his itemized paralegal fee request along with his motion for reconsideration.

---

[9] *Doubleday v. State, Commercial Fisheries Entry Comm'n*, 238 P.3d 100, 110 (Alaska 2010) (citing Alaska R. App. P. 508(e); *Cleaver v. State, Commercial Fisheries Entry Comm'n*, 48 P.3d 464, 470 (Alaska 2002)).

[10] *Marron v. Stromstad*, 123 P.3d 992, 1014 (Alaska 2005). By contrast, we have upheld awards of attorney's fees in the absence of an itemized request when the paying party did not request fee itemization. *Koller v. Reft*, 71 P.3d 800, 810 (Alaska 2003) (citing *Luedtke v. Nabors Alaska Drilling, Inc.*, 768 P.2d 1123, 1138 (Alaska 1989)).

[11] *Marron*, 123 P.3d at 1013 ("[W]e have suggested that a prevailing party must itemize any requested fees where his or her opponent has made 'a specific cognizable request for itemization.' " (quoting *Koller*, 71 P.3d at 810)).

Hodari's argument that the Department's request for fee itemization was not sufficiently specific and cognizable is not supported by our precedent. In *Marron v. Stromstad* we held that the paying party's request for a "detailed listing of services" in her opposition to a motion for attorney's fees was "sufficiently specific and cognizable" to require the moving party to submit a fee itemization.[12] Like the paying party in *Marron*, the Department in this case included a clear, detailed request for fee itemization in its opposition to Hodari's motion for attorney's fees: It asked Hodari to provide "an itemized statement of the actual hours performed on this case which includes the work performed, the date of the work, who performed the work and the amount of time of the work performed on that date." This request specifically identified the information sought from the itemization, and it was sufficient to require Hodari to submit a fee itemization.[13] As the Department points out, Hodari did not present evidence regarding his paralegal fees until his motion for reconsideration, and courts will ordinarily not consider new evidence in a motion for reconsideration.[14] Because Hodari

---

[12]    *Id*.

[13]    *Cf. Koller*, 71 P.3d at 810 (finding no specific, cognizable request for fee itemization where paying party "complained frequently about having to pay" and asked his own attorney for a fee itemization but "never made a motion in court seeking itemization"). This was also the second request for fee itemization submitted by the Department; in its earlier response to the court's show cause order, it had requested a "statement of costs and fees [that] should include a statement of the specific work performed, the date the specific work was performed, who performed the work, the credentials of the person who performed the work, and the hourly rate for the work."

[14]    *Achman v. State*, 323 P.3d 1123, 1127 n.13 (Alaska 2014) (citing *Koller*, 71 P.3d at 805 n.10).

failed to submit a fee itemization even after the Department's specific and cognizable request, it was not an abuse of discretion to deny the paralegal fees.[15]

Hodari further argues that the court's order was erroneous because it "results in a default presumption that all services performed by a paralegal are of a nature not normally performed by an attorney." Without citing any legal precedent or presenting any argument about why the court should presume otherwise, he states that "[t]he record does not disclose any reason to presume that all of the paralegal hours claimed were for work that was of a nature not normally performed by an attorney."

The award of attorney's and paralegal fees is left to the broad discretion of the superior court.[16] The court may determine whether the requested fees are reasonable and may refuse to award fees based on "billings that are too vague to allow a fair determination that they were reasonably incurred or incurred in connection with the . . .

---

[15] Both Hodari and the court appear to conflate the fee-itemization requirement with the requirement that paralegal fees be for work "customarily performed by an attorney." The court noted in its order that the Department's request for fee itemization was sufficient to raise the issue of whether the paralegal fees met the definition of "attorney's fees." And although the court's decision was based on Hodari's failure to show that the paralegal fees were for legal work, Hodari dedicates his argument almost entirely to the fee-itemization requirement. The two bases for denial of paralegal fees are conceptually distinct, but we "may affirm the superior court on any basis supported by the record, even if that basis was not considered by the court below or advanced by any party." *Gilbert M. v. State*, 139 P.3d 581, 586 (Alaska 2006).

[16] *Alaskasland.com, LLC v. Cross*, 357 P.3d 805, 825 (Alaska 2015) ("We have 'consistently held that . . . the award of costs and fees [is] committed to the broad discretion of the trial court.' 'Therefore, any party seeking to overturn a trial court's decision in this regard [bears] a heavy burden of persuasion.' " (quoting *Schultz v. Wells Fargo Bank, N.A.*, 301 P.3d 1237, 1241 (Alaska 2013) (third alteration in original)).

lawsuit."[17]  Any requested attorney's fees are therefore subject to a showing of reasonableness and connection to the litigation; by the same token, the court must have the discretion to determine whether requested paralegal fees are for work "customarily performed by an attorney."  Requiring the court to presume that all paralegal fees meet the definition of "reasonable attorney's fees" would directly undermine the court's discretion in this regard.  Hodari's argument is therefore without merit.

B.      **Any Abuse Of Discretion In The Court's Award Of Attorney's Fees Was Harmless.**

Hodari argues that the superior court's different treatment of attorney's and paralegal fees was "arbitrary and capricious."  He notes that none of the hours for which he requested payment were itemized, yet the court granted the attorney's fees and denied the paralegal fees.  He concludes that the case should be remanded for a new determination of the attorney's fee award.  Hodari correctly notes that the Department requested itemization of all fees, not just paralegal fees.  However, given the small amount of attorney's fees at stake, any error in the court's failure to require itemization of the attorney's fees was harmless.  In *Capolicchio v. Levy*, we affirmed a $488.20 fee award despite the moving party's failure to submit a fee itemization in response to the paying party's request.[18]  We concluded that the appellant

> is correct that *Marron* requires an itemized billing statement
> and that [the appellee's] counsel did not provide one.  But
> here, because the amount of attorney's fees was so low and
> the hours [the appellee's] counsel expended on defending the
> case were so minimal, any error in failing to order itemization
> was harmless:  The superior court could consider the fee
> request to be reasonable per se.  Under such circumstance, we

---

[17]     *Bobich v. Hughes*, 965 P.2d 1196, 1200 (Alaska 1998).

[18]     194 P.3d 373, 381-82 (Alaska 2008).

will not find reversible error in the failure to require itemization.[19]

In light of this precedent, and in light of the fact that the Department that was burdened by any erroneously awarded fees has not objected to the erroneous fee award, we conclude that any abuse of discretion in the superior court's decision to award attorney's fees without itemization was harmless.

We note, however, that the Department in its initial opposition to Hodari's motion for attorney's fees raised a legitimate concern about the accuracy of his time reporting. As the Department noted, Hodari's attorney evidently reused briefs he had submitted in prior, unrelated appeals: The briefs in this case repeat verbatim entire passages from briefs filed in two similar, but unrelated, appeals.[20] Attorneys may certainly reuse pertinent language from prior proceedings in their court filings. However, in doing so, they must accurately reflect the time spent preparing the documents for the particular matter at bar. In a case such as this one, where little more than the name of the appellant was changed from prior filings, the attorney's obvious recycling of briefs should lead the court to consider carefully the attorney's fee request to determine whether the amount requested is reasonable. Where requested fees are not sufficiently itemized or otherwise appear unreasonable, courts should not hesitate to deny those fees. Nevertheless, because the Department did not raise this issue again on appeal, we do not address further the question of the reasonableness of Hodari's attorney's fees.

---

[19]   *Id.*

[20]   Hodari's attorney failed even to change the name of the other appellant to Hodari's name in one passage.

## V.    CONCLUSION

Because the court did not abuse its discretion in denying the award of paralegal fees, and because any abuse of discretion in the award of attorney's fees was harmless, we AFFIRM the superior court's decision.