*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.gov.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| VANESSA EMERY, | ) | |
| | ) | Supreme Court No. S-19339 |
| Appellant, | ) | |
| | ) | Superior Court No. 3KO-24-00017 CI |
| v. | ) | |
| | ) | O P I N I O N |
| JASON STONE, | ) | |
| | ) | No. 7810 – March 8, 2026 |
| Appellee. | ) | |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Kodiak, Stephen B. Wallace, Judge.

Appearances: Jason M. Owens, Law Offices of Blake Fulton Quackenbush, Anchorage, for Appellant. Eric K. Ringstad, Golden Heart Law, LLC, Fairbanks, for Appellee.

Before: Carney, Chief Justice, and Borghesan, Henderson, Pate, and Oravec, Justices.

BORGHESAN, Justice.

## I.   INTRODUCTION

Alaska law allows the superior court to award attorney's fees and costs to a person who seeks and is granted a domestic violence protective order (DVPO). In this case the superior court granted a person's petition for a DVPO but denied her motion for attorney's fees and costs because she did not show proof of the fees and costs claimed. We affirm the order denying fees and costs. As in other areas of law where attorney's fees and costs may be awarded to the prevailing party, the party

seeking fees and costs in connection with a DVPO must provide documentation itemizing fees and costs incurred if the other party requests it. Because such documentation was requested but not provided in this case, we affirm the superior court's order denying fees and costs.

## II.     FACTS AND PROCEEDINGS

Vanessa Emery and Jason Stone married in late 2022. They separated in June 2023.

In February 2024 Emery filed a petition for a DVPO. She sought both short-term and long-term relief.

The superior court granted Emery's request for a short-term protective order. It scheduled a hearing on the long-term protective order for February 2024. The hearing was rescheduled several times. After a hearing at which both parties testified, the court granted Emery's petition in October 2024.

Emery filed a motion seeking attorney's fees and costs, totaling $29,448, for her petition. Stone opposed the motion, arguing that Emery failed to "provide[] any sort of itemized billing statement, or any sort of evidence showing costs incurred, or showing that an astronomical amount of $29,448.00 was incurred for this Long-term DVPO proceeding." He added that it was "baffling" that Emery's attorney billed this amount in the roughly three weeks before trial.

The superior court denied the motion. It stated that Emery had failed to submit "documentation showing the hours worked related to the petition or establishing any costs incurred."

Emery filed a motion for reconsideration. The court denied this motion without comment.

Emery appeals the denial of attorney's fees.

## III.   STANDARD OF REVIEW

We generally review the reasonableness of attorney's fee awards for abuse of discretion.[1]   An abuse of discretion exists if the award or denial is "arbitrary, capricious, manifestly unreasonable, or improperly motivated."[2]   However, "[i]nterpretation of statutes, including those authorizing awards of attorney's fees in particular types of cases, is subject to de novo review."[3]   When interpreting statutes "we look to the meaning of the language, the legislative history, and the purpose of the statute and adopt the rule of law that is most persuasive in light of precedent, reason, and policy."[4]   When reviewing a denial of a motion to reconsider, the "trial court's decision . . . will not be reversed on appeal absent an abuse of discretion."[5]

## IV.   DISCUSSION

The superior court denied Emery's motion for attorney's fees and costs due to a lack of supporting documentation showing the hours worked and costs incurred.  When interpreting other rules and statutes providing for attorney's fees to the prevailing party, we have held that the moving party must itemize claimed fees and costs when the opposing party requests.  But we have never addressed this issue with the statute authorizing attorney's fees and costs in DVPO cases, AS 18.66.100(c)(14). This statute provides that "[a] protective order under this section may . . . require the

---

[1]     *State, Off. of Pub. Advoc. v. Est. of Jean R.*, 371 P.3d 614, 618 (Alaska 2016).

[2]     *Lee-Magana v. Carpenter*, 375 P.3d 60, 63 (Alaska 2016) (quoting *Rhodes v. Erion*, 189 P.3d 1051, 1053 (Alaska 2008)).

[3]     *Id.*

[4]     *Est. of Jean R.*, 371 P.3d at 618 (quoting *In re Protective Proc. of Vernon H.*, 332 P.3d 565, 572 (Alaska 2014)).

[5]     *Neal & Co. v. Ass'n of Vill. Council Presidents Reg'l Hous. Auth.*, 895 P.2d 497, 506 (Alaska 1995).

respondent to pay costs and fees incurred by the petitioner in bringing the action under this chapter."[6]

Despite minor differences between this statute and other fee provisions, we conclude that the superior court may deny a successful petitioner's request for attorney's fees in connection with a DVPO if the petitioner fails to itemize claimed fees and costs after a request to do so. Itemization is necessary to ensure that the claimed fees and costs were actually incurred in pursuit of the DVPO (and not other proceedings, like a contemporaneous divorce) and that the fees incurred were reasonable, not excessive.

Much of Emery's briefing fails to address this point. Emery cites our decision in *Lee-Magana v. Carpenter*.[7] In that case we reversed the trial court's order denying attorney's fees sought by a successful DVPO petitioner.[8] Recognizing that the statute makes such an award discretionary, we held that "it would seem to be the exceptional case in which the superior court declines to award attorney's fees to the prevailing petitioner."[9] Emery invokes this rule and argues that the superior court abused its discretion by failing to explain why this case was "exceptional" enough to justify denial of fees. But it is clear that the superior court did not deny fees and costs on the ground that this was an exceptional case under *Lee-Magana*. Rather, the superior court denied fees and costs because Emery failed to supply documentation.

Emery's alternative argument — that AS 18.66.100(c)(14) does not require a successful petitioner to document the hours worked or costs incurred in pursuit of the petition — is more on point. This argument presents a question of statutory

---

[6]     AS 18.66.100(c)(14).

[7]     375 P.3d 60.

[8]     *Id.* at 65.

[9]     *Id.* at 64-65 (describing "strong policy arguments for encouraging legal representation in domestic violence proceedings").

interpretation. As Emery points out, the text of AS 18.66.100(c)(14) does not expressly require a petitioner to provide itemization of the fees and costs claimed.[10]

But as Stone points out, even though other provisions for costs and fees do not expressly require itemization, we have held that the party seeking fees must provide itemization if requested. In *Marron v. Stromstad* we explained that "when a litigant fails to provide an itemized explanation of fees, the trial court has no effective means of determining whether the amount of fees requested is arbitrary or unreasonable and we are unable to review the trial court's fee award for any abuse of discretion."[11] As a result, we held that itemization is required upon request even though "[n]othing in the text of Civil Rule 68 (or Civil Rule 82, for that matter) specifically states that a prevailing party must itemize its fees before a court may award them."[12] In *Hodari v. State, Department of Corrections*, the claimant was deemed successful on a constitutional claim and sought attorney's fees under AS 09.06.010 but was denied fees for paralegal work.[13] We affirmed the denial of fees because the claimant "failed to submit a fee itemization even after the [opposing party's] specific and cognizable request."[14]

---

[10] AS 18.66.100(c)(14) ("A protective order under this section may . . . require the respondent to pay costs and fees incurred by the petitioner in bringing the action under this chapter.").

[11] 123 P.3d 992, 1013-14 (Alaska 2005).

[12] *Id.* at 1013. Civil Rule 68 provides that a party declining a settlement offer must pay a portion of the "reasonable actual attorney's fees incurred by the offeror" if the judgment is significantly less favorable than the offer. Alaska R. Civ. P. 68(b). Civil Rule 82 is the general rule allowing for the award of attorney's fees. Alaska R. Civ. P. 82.

[13] 407 P.3d 468, 469-70 (Alaska 2017). Alaska Statute 09.06.010(c) provides that a claimant may recover "full reasonable attorney fees" if successful in asserting a constitutional right.

[14] *Hodari*, 407 P.3d at 472.

Unlike the fee provisions at issue in those cases, AS 18.66.100(c)(14) does not expressly state that fees awarded must be "reasonable." But we doubt that the legislature intended to allow courts to award *unreasonable* amounts of attorney's fees in DVPO proceedings. Indeed, the rules of professional conduct forbid attorneys from charging an unreasonable fee.[15] An interpretation of AS 18.66.100(c)(14) that forbade courts from reviewing claimed fees for reasonableness would be absurd. Therefore, we decline to adopt it.[16] And because we interpret AS 18.66.100(c)(14) to authorize an award of *reasonable* fees, the logic of *Marron v. Stromstad* applies. The court cannot determine whether the fees and costs sought are reasonable unless the party seeking them provides itemization upon request.

Moreover, the statute expressly limits the award of fees to those "incurred by the petitioner *in bringing the action under this chapter*."[17] The court cannot determine if the fees sought were incurred in pursuing the DVPO without some documentation attesting to this fact. DVPO proceedings often run parallel to divorce and custody proceedings involving the same parties, but attorney's fees and costs in those proceedings are subject to different rules.[18] To ensure that an award of attorney's fees under AS 18.66.100(c)(14) is limited to fees and costs incurred in the DVPO action, itemization is required.

---

[15] Alaska R. Prof. Conduct 1.5(a).

[16] *Gillis v. Aleutians E. Borough*, 258 P.3d 118, 124 (Alaska 2011) ("We have recognized that '[i]n ascertaining the legislature's intent, we are obliged to avoid construing a statute in a way that leads to a glaringly absurd result.' " (alteration in original) (quoting *Sherbahn v. Kerkove*, 987 P.2d 195, 200-01 (Alaska 1999))).

[17] AS 18.66.100(c)(14) (emphasis added).

[18] *See* AS 25.20.115 (authorizing court to award attorney's fees and costs in action to modify custody and — in doing so — requiring it to "consider the relative financial resources of the parties and whether the parties have acted in good faith"); AS 25.24.140(a)(1) (authorizing award of attorney's fees and costs "required to prosecute or defend" divorce action).

The question remains whether Stone actually requested that Emery itemize the fees and costs sought. A request for itemization must be "specific [and] cognizable."[19] In *Hodari*, the party opposing fees requested "an itemized statement of the actual hours performed on this case which includes the work performed, the date of the work, who performed the work and the amount of time of the work performed on that date."[20] We concluded that the request identified the specific information sought by the itemization and deemed it sufficient to require itemization.[21] In *Marron* we upheld the itemization requirement on a substantially less specific request; we determined that a "demand for a 'detailed listing of services' " was a specific and cognizable request for fees.[22]

In this case Stone made a sufficiently specific and cognizable request for attorney's fees. When opposing Emery's motion for fees Stone pointed out that Emery failed to "provide[] any sort of itemized billing statement, or any sort of evidence showing costs incurred." This objection was sufficient to put Emery on notice that the justification for the amount of fees sought was disputed. While Stone's request was not as comprehensive as the one made in *Hodari*, it was comparable to the request made in *Marron*. Stone's request triggered Emery's duty to show her attorney's itemized billing.

Yet Emery's reply did not provide any documentation — neither an affidavit nor an itemized billing — to support the fees requested. Emery asserted that Stone complicated and lengthened the DVPO proceedings with "abundant filings and misdirections" and many "false affidavits." But Emery did not provide an estimate of

---

[19] *Marron v. Stromstad*, 123 P.3d 992, 1013 (Alaska 2005) (quoting *Koller v. Reft*, 71 P.3d 800, 810 (Alaska 2003)).

[20] *Hodari v. State, Dep't of Corr.*, 407 P.3d 468, 472 (Alaska 2017).

[21] *Id.*

[22] 123 P.3d at 1013.

the time spent by her attorneys and their billing rates, much less an itemized explanation of the fees she claimed. Therefore, the superior court did not err by denying the motion for attorney's fees and costs.

Nor did the superior court abuse its discretion in denying Emery's motion for reconsideration. Emery argues that in her motion for reconsideration she "reminded the trial court of the time involved in proving her case, and gave a close estimate of the time expended to prepare her case, and the billing rates of the preparers." But "courts will ordinarily not consider new evidence in a motion for reconsideration."[23] And in any event, counsel's assertion in the motion (not in an affidavit) that gathering and preparing evidence "to prove Mr. Stone's subterfuge" required "about 50 hours of paralegal services" and that "[a]ttorney research, preparation, and representation at hearings consumed about the same amount of time" does not satisfy the duty to itemize fees. The superior court did not abuse its discretion in denying reconsideration.[24]

V. CONCLUSION

The superior court's order is AFFIRMED.

---

[23] *Brett M. v. Amanda M.*, 445 P.3d 1005, 1014 (Alaska 2019) (quoting *Hodari*, 407 P.3d at 472).

[24] *See Hodari*, 407 P.3d at 472 (affirming denial of fees when itemization was first provided in motion to reconsider).